By the Court,

Nelson, J.
As to the demurrer. The question is not, nor could it be presented on the pleadings, whether the second plea is bad, as amounting to the general issue, because such an objection can be taken only by a special demurrer. 1 Chitty, 498. The performance of the agreement on the part of the plaintiff was a condition precedent to his right to recover, and is so conceded by the first count in the declaration; and this the plaintiff would have been compelled to establish against the general issue, id. 467, 498. The second plea is only a denial of such performance; and if the proper objection had been taken to it, I do not see how it could have been sustained. 19 Johns. R. 300. Mr. Chitty says, it was formerly usual to traverse in particular- the consideration of the contract, the contract itself, or the plaintiff’s performance of the condition precedent; but in assumpsit this practice is obsolete. In covenant it is no doubt otherwise, because the plea of non est factum puts in issue only the execution of the instrument.
As the plaintiff, however, has seen fit to reply to the plea, we must examine and see if the replication affords a sufficient answer to it. The first count in the declaration, which is special upon the charter party, sets forth, among other things, that the vessel was of the burthen of 107 tons, or thereabouts, and that the plaintiff had let to the defendants the whole tonnage, except so much as was necessary for the accommodation of the officers and hands. It is obvious that the number of tons was not intended to be set forth precisely or definitely, and that the clear meaning of the allegation is, that the defendants were, by the terms of the charter party, to have the use and benefit of the whole tonnage *662 of the vessel, be it more or less. The averment of performance asserts this fact. The plea is correctly founded upon this idea, and therefore it * alleges that the vessel chartered was capable of safely and prudently carrying a cargo of 150 tons of stone each trip, besides accommodating officers and hands ; yet, that the plaintiff refused to carry over 107 tons, well knowing her ability, and did not permit the defendants to have the use and benefit of the whole tonnage of the vessel. The plaintiff replied, that the vessel did take and carry each trip as full a cargo of stone as she safely and prudently could; and that he did permit the defendants to have the use and enjoy the benefit of the whole tonnage, as set forth in the declaration. Now the intent and effect of the plea was to put in issue the fact that the defendants had the use and benefit of the whole tonnage of the vessel in the transportation of the stone, according to the tenor of the agreement. This the plaintiff was bound to prove, in support of the allegations in the first count; and it is the fact which his adversaries have selected to deny. It seems to me, therefore, that the replication is not only proper, but the only one that could be framed, to meet the substantial point of the plea, and sustain the declaration. It is said the plaintiff ought to have taken issue upon the allegation in the plea, that the vessel could have safely carried at each trip 150 tons of stone; but it is clear the finding of that fact for him would not have sustained his averment in the declaration. By that he was bound to show that the defendants had the use of the whole tonnage of the vessel, be it more or less—showing that she could, or could not safely carry 150 tons, would not support the allegation, and a replication presenting such an issue would have been a departure, and therefore defective. 1 Chitty, 618, 19. The fact that she could carry 150 tons, would be proper evidence on the trial to support the averment in the plea, that the defendants had not the benefit of the whole tonnage. It is also said that the replication takes issue upon the conclusion drawn by the plea from the facts pleaded. This, I think, is a mistake. What is here called a conclusion, in my judgment, embraces the main fact in the plea, and without which it would have presented a totally immaterial issue. The error of the counsel, in the. view taken of the pleadings, I apprehend, lies in considering what is set forth by way of inducement only to the material allegation in the plea as the *material allegation itself. The plea traversed or denied an averment of performance by the plaintiff, in a specified instance, and in the replication the plaintiff was bound to adhere to the allegation thus denied, and fortify and support it. This he has fully done. 1 Chitty, 596, 619. The above view also answers the causes of special demurrer set forth, but which were not much relied upon in the argument.
Whether the first count in the declaration is defective or not, is a question that cannot be raised upon this demurrer. The defendants have pleaded the general issue to the whole declaration, and to permit them on a demurrer to the replication to go back, and object to the declaration, would be allowing the defendants to do indirectly what they could not do directly, to wit, plead and demur to the same count. 5 Bacon’s Pleas & Pl. 457, N. They cannot override the general issue and have the benefit of a demurrer in this way under the rule that a party may go back, and take advantage of the first fault in pleading, for the operation and effect would be the same as if a general demurrer had been put in to the defective pleading. I am of opinion, therefore," that the plaintiff was entitled to judgment on the demurrer, and that for this cause the judgment below ought to be reversed.
Another question presented in this case is, whether the plaintiff was rightfully nonsuited in the court below. A recovery was claimed, either under the *664 special or general counts, upon the facts disclosed; and the grounds taken, and upon which the nonsuit was granted were, 1. That the evidence did not support any count in the declaration; and 2. That there was a variance between the evidence or cause of action proved and the bill of particulars. There was another ground urged, but it is included in the first.
First. As to the special count. It is said the plaintiff did not prove performance on his part, which was a condition precedent to his right to recover; and especially as to the time of the service of the vessel and hands. By the charter party it was stipulated that the vessel should “ commence and continue in the business for the term of six months, provided said party of the first part kept her in order for said businessand again, the defendants stipulated to pay the plaintiff for *freight of the vessel and wages of hands, “ at the rate of $300 for every calendar month for the next six months ensuing, or in the same proportion, for whatever time the said vessel may be employed.” On the 15th September, 1829, a stipulation was signed by the plaintiff and Fisher, one of the 'defendants, agreeing that the charter party should be deemed to have expired on the 14th of that month. It will be seen that the objection upon which the court nonsuited the plaintiff was very general ; and the only specification in the points, so far as related to the first count, is, that the plaintiff did not continue the vessel and hands in the employment of the defendants the six calendar months, the counsel for the defendants insisting that one of these defendants was not competent to put an end to the charter party. We shall not therefore undertake to ascertain or examine any other ground relied on, to sustain the nonsuit. This point, we think, has been adjudged in this court against the defendants, and in accordance with well settled principles.
In Fitch & Buck v. Forman, 14 Johns. R. 172, the plaintiffs declared upon a special agreement, by which the defendant had engaged to open a mine, and sink a shaft, See. before the first December, then next, or in case of default, to pay the plaintiff $2500. The breach -assigned was, that the defendant had not explored the mine within the time. The defendant set up a release from one of the plaintiffs of any liability by reason of his default, and an extension of the time. The objection was there taken that the instrument was signed by one of the parties to the agreement, and could not bind his co-contractors. Thompson, Ch. J., said, “The instrument having been signed by only one of the plaintiffs, cannot alter its legal operation. They had a joint personal interest, and the release or modification by one would bind the others.” The chief justice refers to 3 Johns. R. 70, where the general principle is recognized, that when two have a joint personal interest, the release of one bars the other. See also 6 Co. 25; 14 Johns. R. 300, 387; 13 id. 286. Now if one of the defendants was competent to discharge the plaintiff from the further performance of his agreement, (of which I cannot doubt,) then the above objection must fail; for after the discharge, the case stands upon the same footing, in judgment of *law, as if the charter party had been originally limited to the 14-th September; for it contemplates a shorter period of service than . the six months, and expressly provides for a pro rata payment; and so far as time is involved in the question, the performance would be complete. The EHintiff would accordingly be entitled to recover for the time his vessel and ands were.thus employed, by the very terms of the agreement, “at the rate of three hundred dollars for every calendar month,” not for the next six months ensuing, but “ in the same proportion for whatever time the said vessel may be (was) so employed.” Upon this view of the case the first count in the declaration is framed. Having declared for the whole time, that is, to the 14th *666 September, I admit the plaintiff must show a performance for that time, before he can recover even for one month, though the payments were to be made monthly, according to the case of Cunningham and another v. Morrell, 10 Johns. Rep. 203.
Second. As to the general counts. The second count is the only one that can be relied on, or which is at all adapted to the case : it is for certain freight before that time due, and payable to the plaintiff from the defendants, for the carriage and conveyance of a quantity of stone, on board of his vessel, &c. at the special instance of the defendants, &c., and for care and attendance of the plaintiff and his servants in and about that business.
1. It is said that the special agreement is still open, unrescinded and executory, and that therefore the plaintiff cannot recover under this count; and if the fact is as supposed, there can be no doubt of the soundness of the conclusion. The cases on this point are numerous and uniform, and it is unnecessary to refer to them. But is the contract executory ? If the conclusion to which we have arrived in the consideration of the first count be correct, then, so far as the plaintiff is concerned, it is executed; and if so, indebitatus assumpsit will lie to recover the stipulated compensation upon a count properly framed. The authorities on this point are abundant and direct. Bull. N. P. 139. 1 Bos, & Pul. 355, N. S. 1 Selw. N. P. 85, and n. 10 Mass. R. 294. 1 Chitty’s Pl. 339. 1 Holt’s N. P. *236. 4 Wendell’s R. 289. 7 Cranch’s R. 299. 4 Cowen, 564. The general rule, however, must be taken with the qualification stated by Ch. J. Gibbs in Robson v. Thomas, 1 Holt’s N. P. 299, that there is no provision in the special agreement which would be violated by the recovery, as though the work might be done, yet the stipulated compensation might not be due ; and as said by Sir J. Mansfield, 1 Bos. & Pul. 355, N. S., the case must be such that supposing the special agreement out of the question, a recovery might be had under the general count, as for building a house according to a special agreement. Bull. N. P. 139. 1 Selw. N. P. 56, n., per Dennison, J. Within the above rule, a party who has executed the agreement on his part, may, at his election, declare on the special agreement or rely on the general counts—and so is the law.
2. It is said that conceding the plaintiff is entitled to recover under a general count, the one in question is not appropriate, nor can the evidence be applied to it. To maintain this position, the counsel fdr the defendants contend that the compensation of $300 per month, was a consideration for the hire and use of the vessel and hands, and not for freight; and many authorities were referred to for the purpose of showing that the defendants were, for the time being, owners, and had the possession of the vessel, and that the master and hands were their servants—plausibly enough arguing from all this, that it would be a misnomer and absurd to call the moneys to be paid a compensation for freight of the vessel. I have looked attentively into all the cases cited, and without going into them, am entirely satisfied that the position of the counsel cannot be maintained, and that the clear and obvious intent and meaning of the charter party in this case, leaves the exclusive possession and control of the vessel during the service in the plaintiff, the owner. This conclusion is sustained by all the American cases, especially those in this court, and by the best considered cases in England. Clarkson v. Edes, 4 Cowen’s R. 470, and cases there cited. Christie v. Lewis, 6 Com. Law R. 175. The case of Newbury v. Colvin, 20 Com. Law R. 96, does not conflict, as supposed by the counsel, with that of * Christie v. Lewis, but is clearly distinguishable from it, and from this case. By the terms of the agreement, the plaintiff did “ grant and to freight let” to the defendants “ the whole *667 tonnage of the said vessel,” reserving so much as would be necessary for the accommodation of the officers and hands. The vessel during the employment was to be kept tight, staunch and strong, and sufficiently manned, &c. at the costs and charges of the plaintiff. The defendants were to pay “/or the charter or freight of the said vessel, for the wages aforesaid, at the rate of $300 for every calendar month ; and if the “ vessel shall be detained by the party of the first part, (the plaintiff,) his factors or agents, for supplies, or men,” then there was to be a deduction for demurrage. This clause clearly shows that the vessel was to remain in the possession of the plaintiff, and subject to his control. If the vessel was in the possession and under the control of the defendants, and the master and hands were their servants, it is difficult to perceive upon what ground the plaintiff could be held responsible for either the omission to carry a sufficient amount of freight per trip, or for any unfaithfulness of the men. The whole defence is predicated upon such responsibility, and I have no doubt, rightfully. Upon the whole, from the best consideration I have been able to give to the cause, I cannot resist the conclusion that the plaintiff made out a prima facie right to recover under either of the counts above examined, notwithstanding the objections that have been raised. The exception growing out of the bill of particulars was not urged on the argument, nor can I discover any force in it.
Judgment reversed, with single costs, and venire de novo to issue.